IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 15, 2008

## DELIVETRICK D. BLOCKER v. JIM WORTHINGTON, WARDEN

**Direct Appeal from the Criminal Court for Morgan County**
**No. 9392   E. Eugene Eblen, Judge**

**No. E2008-00881-CCA-R3-HC - Filed February 9, 2009**

In 1996, a Hamilton County grand jury indicted the Petitioner, Delivetrick D. Blocker, for first degree premeditated murder, first degree felony murder, and especially aggravated robbery. In 1997, a Hamilton County jury convicted the Petitioner of first degree felony murder and especially aggravated robbery and sentenced him to life imprisonment without the possibility of parole for his murder conviction. The trial court sentenced him to twenty-two years for especially aggravated robbery, to be served consecutively to his life sentence. In 2008, the Petitioner filed a *pro se* petition for habeas corpus relief, which the habeas court summarily dismissed. On appeal, the Petitioner contends that the trial court erred when it dismissed his petition because: (1) the indictment charging him with murder was fatally defective because it did not allege an overt act; (2) the indictment charging him with especially aggravated robbery was fatally defective because it varied from the judgment convicting him of attempted especially aggravated robbery, which requires proof of an overt act; and (3) the trial court did not have jurisdiction to order his sentences to be served consecutively. After a thorough review of the record and relevant authorities, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Delivetrick D. Blocker, Pro se, Petros, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Rachel West Harmon, Assistant Attorney General; for the Appellee, State of Tennessee.

### OPINION

### I. Background

In 1996, a Hamilton County grand jury indicted the Petitioner for first degree premeditated murder, first degree felony murder, and especially aggravated robbery. A Hamilton County jury

convicted the Petitioner of first degree felony murder and especially aggravated robbery. The jury sentenced the Petitioner to life in prison without the possibility of parole for his murder conviction, and the trial court sentenced him to twenty-two years for his especially aggravated robbery conviction, to be served consecutively to his life sentence.

On direct appeal, this court affirmed the Petitioner's felony murder conviction but modified the especially aggravated robbery conviction to attempted especially aggravated robbery. *State v. Delivetrick D. Blocker*, No. 03C01-9803-CR-00120, 1999 WL 124223 (Tenn. Crim. App., at Knoxville, Mar. 10, 1999), *perm. app. denied* (Oct. 4, 1999). The Petitioner then filed a petition for post-conviction relief, which the trial court denied, and this court affirmed the trial court's judgment. *Delivetrick Dewon Blocker v. State*, No. E2002-00036-CCA-R3-PC, 2003 WL 934245 (Tenn. Crim. App., at Knoxville, Mar. 10, 2003), *perm. app. denied* (June 30, 2003).

The judgment forms from each conviction reveals that the Petitioner committed the felony murder and especially aggravated robbery offenses on the same day, October 8, 1995. On direct appeal, this Court set forth the following factual summary of the conduct underlying the Petitioner's convictions:

> Defendant and his severed codefendants, cousin Robert Blocker and Calvin Trammell, who were all juveniles at the time of this crime, called for a taxicab from a Hamilton County convenience store. When it arrived, they instructed the driver to take them approximately one-half mile, to a location that the State characterized as wooded and secluded, along a street with several vacant homes. As the perpetrators exited the car, Defendant heard Robert Blocker demand money from the driver, who reached over between the seats. Defendant told police that he believed the driver was reaching for a gun, so he pulled a sawed-off shotgun from his pants and pointed it at the driver. He then shot the driver at a range between six and twelve inches from his head. All three perpetrators fled the scene, and an area homeowner discovered the victim when the taxicab crashed into her patio.

*Blocker*, 1999 WL 124223, at *1. This Court affirmed the Petitioner's murder conviction but concluded that the evidence at the Petitioner's trial was insufficient to support his conviction for especially aggravated robbery. Accordingly, this Court modified the especially aggravated robbery conviction to attempted especially aggravated robbery and re-sentenced the Petitioner to nine years, to be served consecutively to his life sentence. *Id.* at *20.

In 2008, the Petitioner filed a petition for habeas corpus relief, claiming: (1) the indictment charging him with murder was fatally defective because it did not allege an overt act; (2) the indictment charging him with especially aggravated robbery was fatally defective because it varied from the judgment convicting him of attempted especially aggravated robbery, which requires proof of an overt act; and (3) the trial court did not have jurisdiction to order his sentences to be served consecutively because his offenses occurred within twenty-four hours of each other. The habeas court summarily dismissed the Petitioner's request for habeas corpus relief, and the Petitioner appeals that judgment of the trial court.

2

## II. Analysis

Whether habeas corpus relief should be granted is a question of law. *Edwards v. State*, No. M2006-01043-SC-R11-HC, -- S.W.3d --, 2008 WL 4248714, at *2 (Tenn. Sept. 18, 2008). Thus, we apply *de novo* review and afford no presumption of correctness to the findings and conclusions of the court below. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Tennessee statute, however, governs the exercise of this constitutional guarantee. *See* T.C.A. § 29-21-101 (2006). Although statute does not limit the number of requests for habeas corpus relief a petitioner may make, it does narrowly limit the grounds upon which a court may grant habeas corpus relief. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The petitioner must demonstrate by a preponderance of the evidence that "the sentence is void or that confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, a petitioner must base his request for habeas corpus relief upon the following very narrow grounds: (1) a claim that, because the convicting court was without jurisdiction or authority to sentence the petitioner, the convicting court's judgment is facially invalid and, thus, void; or (2) a claim that the petitioner's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). Also, "[a]n illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhard*, 566 S.W.2d 871, 873 (Tenn. 1978). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its validity." *Taylor*, 955 S.W. 2d at 83; *see State v. Richie*, 20 S.W.3d 624, 633 (Tenn. 2000).

A habeas court is not required, as a matter of law, to grant the writ or conduct an inquiry into the allegations contained in the petition. *See* T.C.A. § 29-21-109. If the petition fails on its face to state a cognizable claim, it may be summarily dismissed by the trial court. *See State ex. rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (1964); T.C.A. § 29-21-109. "If from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused." T.C.A. § 29-21-109.

### A. Sufficiency of Indictments

On appeal, the Petitioner challenges the sufficiency of both of his indictments, contending that both fail to allege an "overt act." Under some circumstances, an indictment can be so defective as to deprive a court of jurisdiction. *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). The Sixth and Fourteenth Amendments to the United States Constitution and Article I, section 9 of the Tennessee Constitution guarantee the accused the right to be informed of the "nature and cause of the accusation." Our Supreme Court has consistently interpreted this guarantee to require that an indictment: (1) provide notice to the accused of the offense charged; (2) provide the court with an adequate ground upon which a proper judgment may be entered; and (3) provide the defendant with protection against double jeopardy. *State v. Hill*, 954 S.W.2d 725 (Tenn. 1997); *see Hamling v. United States*, 418 U.S. 87 (1974). Also, Tennessee statute requires the following:

3

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . .

T.C.A. § 40-13-202 (2006).

### 1. Felony Murder Indictment

The Petitioner contends his indictment for felony murder was insufficient because it failed to allege an "overt act." In *Wyatt v. State*, our Supreme Court concluded an indictment that identifies the offense, the victim, and the date of the offense against the victim accomplishes the three notice requirements of *Hill*. 24 S.W.3d 319, 323 (Tenn. 2000). Also, in *State v. Sledge*, the Court specifically ruled on whether the omission of the offense name is insufficient to identify the offense. 15 S.W.3d 93, 94 (Tenn. 2000). The Court concluded that an indictment alleging the defendant "did unlawfully kill [the victim] during the perpetration of Aggravated Robbery, in violation of T.C.A. § 39-13-202" was sufficient "to place the accused on notice of the charged offense" because it contained a specific reference to the statute. *Id.*

The indictment at issue alleges under "SECOND COUNT" that the Petitioner "on October 8, 1995, . . . did unlawfully kill Charles Williamson during the perpetration of Especially Aggravated Robbery, in violation of Tennessee Code Annotated 39-13-202 against the peace and dignity of the State." Section -202 identifies felony murder as a form of first degree murder and defines felony murder as is the "killing of another committed in the perpetration of or attempt to perpetrate any . . . robbery . . . ." T.C.A. § 39-13-202(a)(2) (1994).

We conclude that the indictment charging the Petitioner with unlawfully killing the victim during the perpetration of especially aggravated robbery was sufficient to provide the Petitioner with notice of the charged felony murder offense, to provide the court with an adequate basis upon which to enter a judgment, and to protect the Petitioner against double jeopardy. The indictment's reference to the statute defining felony murder, especially when coupled with the indictment's description of the offense, was sufficient both to notify the Petitioner of the charged offense and to provide a basis for the trial court to enter a judgment. *Sledge*, 15 S.W.3d at 94. Further, the indictment protects the Petitioner against double jeopardy because, along with identifying the charged offense, it identifies the date of the offense. *Wyatt*, 24 S.W.3d at 323. Therefore, the Petitioner's indictment was sufficient to provide the court with jurisdiction to enter a judgment against the Petitioner for first degree felony murder. *Id.*; *Dykes,* 978 S.W.2d at 529. The Petitioner is not entitled to relief on this issue.

### 2. Especially Aggravated Robbery Indictment

The Petitioner contends his indictment for especially aggravated robbery was insufficient to

give the trial court jurisdiction to enter a conviction for attempted especially aggravated robbery, because the indictment did not allege an "overt act." The State argues the indictment is sufficient both because an attempt is a lesser-included offense of a commission and because an indictment for an attempt need not allege an overt act.

The indictment alleges the Petitioner "on October 8, 1995, . . . did unlawfully, intentionally, knowingly and violently take money from the person of Charles Williamson by the use of a deadly weapon, causing serious bodily injury to Charles Williamson, in violation of Tennessee Code Annotated 39-13-403, against the peace and dignity of the State." Section -403 defines especially aggravated robbery as a robbery "accomplished with a deadly weapon" and "where the victim suffers serious bodily injury." T.C.A.§ 39-13-403 (1994). Although the Petitioner was initially indicted and convicted of especially aggravated robbery, on direct appeal this conviction was modified to attempted especially aggravated robbery. *See Blocker,* 1999 WL 124223.

Rule 31 of the Tennessee Rules of Criminal Procedure provides that a defendant may be convicted of an attempt to commit the offense charged in his indictment. Tenn. R. Crim. P. 31(d)(1)(B). Therefore, because the Petitioner's indictment charged him with especially aggravated robbery, the trial court had jurisdiction to enter a judgment of conviction against the Petitioner for attempted especially aggravated. Tenn. R. Crim. P. 31(d)(1)(B). Thus, the Petitioner's indictment for especially aggravated robbery was sufficient both to place him on notice he would be prosecuted for attempted especially aggravated robbery and to provide a basis upon which the trial court could enter judgment of conviction for attempted especially aggravated robbery.

We note that the Petitioner, correctly stating that a conviction for an attempt requires proof of an overt act, incorrectly contends that an indictment for an attempted offense must allege an overt act. As explained above, indictments in general need not allege an overt act. *Sledge*, 15 S.W.3d at 94; *Wyatt*, 24 S.W.3d at 323. Reference to the statute violated and the date of the offense is sufficient. *Id.* Indictments supporting an attempt conviction likewise need not allege a specific overt act. *Wyatt*, 24 S.W. at 324-25. The introduction of proof of an overt act at trial is sufficient to give the court jurisdiction to enter a judgment of conviction. *Id.* Here, the indictment both refers to section -403, which proscribes the greater offense of especially aggravated robbery, and alleges the date of the offense. We conclude the Petitioner's indictment for especially aggravated robbery was sufficient to place the Petitioner on notice of attempted especially aggravated robbery, to provide the trial court a basis upon which to enter a conviction for attempted especially aggravated robbery, and to protect the Petitioner from double jeopardy. *Hill*, 24 S.W.3d at 323. Thus, the Petitioner's indictment was sufficient to give the trial court jurisdiction to enter its judgment of conviction for attempted especially aggravated robbery. *Id.*; *Dykes,* 978 S.W.2d at 529. He is not entitled to relief on this issue.

## C. Jurisdiction to Order Consecutive Sentencing

The Petitioner next contends the trial court erred when it ordered his sentences for attempted especially aggravated robbery and felony murder run consecutively. In his petition for habeas corpus relief, the Petitioner argues that the trial court did not have jurisdiction to order consecutive terms because the offenses occurred within twenty-four hours of each other. The State responds, first, that

the Petitioner waived this sentencing issue when he failed in his brief to support his position with argument or citation and, second, that the sentences were not illegal.

When a petitioner files a brief with this Court, "issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived by this court." Tenn. Ct. Crim. App. R. 10(b). In the case under submission, the Petitioner alleged in his petition that "[t]he Trial Court was without authority to sentence [the Petitioner] to consecutive terms." However, the Petitioner fails to support this contention with argument or citation to authorities in the brief he filed with this Court. Therefore, the issue is deemed waived.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that the habeas court properly dismissed the Petitioner's petition for habeas corpus relief. Accordingly, we affirm the judgment of the habeas court.

_____
ROBERT W. WEDEMEYER, JUDGE